Richman v Brown.

The judgment of the District Court dismissing the appeal is therefore

Affirmed.

---

## RICHMAN v. BROWN.

**Appeal: FROM JUSTICE: WHEN GENERAL DENIAL PRESUMED.** Where the defendant in an action before a justice of the peace makes an appearance and there is a full trial on the merits under testimony introduced by both parties, the plaintiff's claim will, on appeal to the District Court, be considered as denied, though it appears that there was no formal denial thereof by the defendant either in writing or orally before the justice.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 5.

APPEAL FROM JUSTICE: WHEN PLAINTIFF'S CLAIM IS DEEMED DENIED: Action for a tort commenced before a justice of the peace. Plaintiff succeeded and defendant appealed to the District Court, in which there was a trial and verdict for the defendant. Plaintiff appeals to this court; and the error assigned is that the District Court erred in the trial therein in allowing the defendant to introduce evidence in his behalf.

*S. P. Adams* and *W. Chandler* for the appellant.

*Griffith & Knight* for the appellee.

DILLON, Ch. J.— The bill of exceptions recites " that on the trial of this cause in the District Court, after the
APPEAL: from justice: when general denial presumed. plaintiff had rested his case, the defendant offered a witness to rebut the evidence which plaintiff had introduced in support of his cause

of action. The plaintiff objected on the ground that the transcript of the justice shows that there was no denial. of plaintiff's claim nor issue made on the trial before the justice. The court overruled the objection and admitted the testimony, to which the plaintiff at the time excepted."

The transcript of the justice recites, among other things, " that the parties appeared before him ready for trial. Defendant filed no plea or general denial of plaintiff's claim either in writing or orally. The court proceeded as if the claim had been denied to investigate the case on its merits." It then gives the names of nine witnesses " who were sworn and examined on the part of the plaintiff," and of two " who were sworn and examined for the defendant," and states that " after hearing the testimony and arguments in the case, the court is of opinion that the plaintiff have and recover the sum of," etc., and " that defendant claimed an appeal in open court in the presence of the plaintiff's counsel."

This court is of opinion that the action of the District Court was fully authorized by the following cases, viz.: *Sinnamon* v. *Milburn*, 4 G. Greene, 309 ; *Hall* v. *Denise*, 6 Iowa, 534 ; *Clark* v. *Barnes*, 7 id. 6 ; *Brock* v. *Manatt*, 5 id. 270 ; *Heath* v. *Coltenback*, id. 490.

These cases establish the doctrine that where there was a full trial below on the merits, the demand of the plaintiff is considered as denied. It is true that in this case the defendant made no formal answer ; but it is obvious that he appeared for trial ; that there was a trial on the merits, and that witnesses were examined both for the plaintiff and the defendant. It appears from the transcript of the justice that the plaintiff was represented by counsel. It does not appear that the defendant had the benefit of the advice of an attorney. But without that advice he knew that he wished to controvert the justness of the plaintiff's claim, and he did controvert it. We will not so construe

the statute as to allow it to operate as a snare, and we therefore rule that the defendant had the right on the trial in the District Court to do that which he did on the trial before the justice, to wit, to introduce testimony in denial of the right to a recovery against him.

Affirmed.