MANNY & CO. v. ADAMS AND ADAMS.

32  165
112  519

Attachment: RIGHTS OF ATTACHING CREDITOR. An attaching creditor can acquire no greater right in property attached than was held by the defendant at the time of the attachment. It is accordingly *held*, where two persons owned a promissory note jointly, and one of them sold and transferred his interest therein to the other, and suit thereon was, through inadvertence, commenced thereon in the name of both, and judgment rendered in their favor jointly, that a creditor of the person who had sold and transferred his interest as before stated, acquired no interest by attaching the judgment.

*Appeal from Keokuk Circuit Court.*

THURSDAY, JULY 27.

PLAINTIFFS brought an action in attachment, before a justice of the peace, against defendant, W. H. Adams, and

thereupon attached J. M. Brunt, clerk of the district court, as garnishee, who answered that he held $138.30, paid to him as clerk on a judgment in favor of W. H. and D. H. Adams. Judgment was rendered in the action against W. H. Adams. At the hearing upon the answer of the garnishee, D. H. Adams intervened, claiming that W. H. Adams held no interest in the money in the hands of the clerk; that his name appeared in the action and judgment whereon the money was paid to the clerk, by mistake, and that the note whereon the action was brought was wholly his own property. Judgment was rendered by the justice against the intervenor; upon an appeal to the circuit court judgment was rendered in his favor. Plaintiffs appeal to this court.

*G. D. Woodin* and *J. A. Donnell* for the appellants.

*Mackey & Fonda* for the appellee.

BECK, J.—The circuit court found the facts of the case to be substantially as follows: The note upon which the judgment was rendered, whereon the money was paid to the clerk which the garnishee process aimed to reach, was, at the time of its execution, the joint property of defendant and the intervenor herein. Before the action was commenced, defendant, for a valuable consideration, sold his interest in the note to the intervenor, who thereby became the absolute owner. The intervenor placed the note in the hands of an attorney for collection, who, through mistake or want of knowledge of the real ownership, brought suit in the name of both defendant and the intervenor. The petition in the action on the note alleges that they were joint owners.

It is a well-settled rule that an attaching creditor can acquire no greater right in property attached than was held by the defendant at the time of the attachment. The interest and title of the defendant is only affected by the

seizure, and not the interest of another *bona fide* holder. If the defendant have no interest in the property, it cannot be held upon the attachment, and the title is not affected thereby. In the case before us, the intervenor held the title to, and property in, the note and the judgment; defendant had no interest therein. The intervenor's title and interest was not reached by the garnishee proceedings. He was therefore entitled to the money paid to the clerk.

It is not a case of the sale of property, the possession of which was permitted to remain in the hands of the seller without notice, actual or constructive, to the creditor, and for that reason liable for his debt against the seller. On account of the joint ownership of the note before the sale, the intervenor was entitled to, and will be presumed to have held, possession thereof. No change of possession was, therefore, necessary in order to invest the intervenor with defendant's interest. There is no finding that the transaction was intended to defraud plaintiffs in this case, and it does not appear that credit was given to defendant on account of the note, or that in any other way plaintiffs were injured by the transaction. Under these circumstances, there is no reason based upon law or justice why they should appropriate the money, legally and justly the property of the intervenor, to the payment of these debts against defendant.

Affirmed.