HOW & CO. ET AL. V. JONES.

1. **Receiver**: ORDER TO TURN OVER PROPERTY: RIGHT TO APPEAL FROM. Conceding that a receiver, who is the mere custodian of the court, cannot appeal from an order directing him to turn over the property in his hands, yet when the order erroneously fixes the amount of property in his hands, and·directs him to turn over more than he has in custody, it is essential to the protection of his rights that he be allowed to appeal.

2. **Former Adjudication**; NOT BINDING ON ONE NOT A PARTY THERETO. Although, on a former appeal in this case (see 57 Iowa, 130), this court, proceeding upon the understanding that the receiver still held all the property which had come into his possession as such receiver, directed that a decree be entered in the court below requiring him to deliver such

property to the clerk of the District Court, yet, as the receiver was not a party to that appeal, he is not bound by its determination, and it was error for the court below to refuse him the opportunity to show that he had already paid over, under the order of that court, a large amount of such property.

3. **Receiver:** PAYMENT UNDER ORDER OF COURT: GOOD FAITH. Where a receiver was ruled by the court to apply the money in his hands to the payment of plaintiff's claims, and all parties excepted to such ruling, and all had leave to move for a new trial at the next term of court, *held* that the receiver was not bound to delay such payment in order to give intervenors an unnecessary length of time in which to appeal, and the mere fact that he made such payment in nine days after the date of the order, is not such evidence of bad faith as to place him beyond the pale of protection.

4. ———: ERROR IN REPORT OF: MAY BE CORRECTED. An error in the report of a receiver may be corrected.

5. ———: LIABILITY FOR INTEREST. A receiver is not, as a matter of course, chargeable with interest on moneys which remain in his hands: following *Radford v. Folsom*, 55 Iowa, 276, (285).

6. ———: ATTORNEY'S AND COLLECTION FEES: PAID OUT OF FUND. Where a receiver has in good faith paid out attorney's and collection fees, which were necessary to be paid, and which were beneficial to the parties ultimately entitled to the fund, they should be paid out of the fund.

*Appeal from Marshall Circuit Court.*

THURSDAY, DECEMBER 7.

THIS is an appeal of H. E. J. Boardman, receiver in case of How & Co. and Greer & Co., from a decree requiring him to pay over to the clerk of the court the amount of money paid to and received by him, found by the court to be $1,308.95. The facts are stated in the opinion.

*J. H. Blair* and *A. C. Daly*, for appellant.

*Caswell & Meeker*, for appellee.

DAY, J.—This proceeding grows out of the case of *George M. How & Co. and others v. Jones*, 57 Iowa, 130, to which for the facts, so far as applicable, reference is now made. In the main action of *How & Co. and others v. Jones*, H. E. J.

Boardman, was on the 10th day of April, 1877, in vacation, appointed receiver. Afterward Caswell & Meeker and S. Binford intervened and filed a motion to remove the receiver. On the 6th day of August, 1879, in vacation, the court decreed that the intervenors had no rights in the property, and denied the motion to remove the receiver, and ordered that the receiver apply the money in his hands to the payment of plaintiff's claims, and that he make report to the court at the next term. This decree gave all parties the right to move for a new trial at the next term. On the first day of the next term, being the 20th day of October, 1879, the intervenors filed a motion for a new trial, and on the 7th day of November, 1879, this motion was sustained, and the decree was so far modified as to allow Caswell & Meeker the sum of one thousand dollars and Binford —— dollars; but, on the 14th day of January, 1880, the entry making this modification was vacated, so that the decree was reinstated as originally entered. On the first day of the October term, 1879, Boardman filed his report as receiver, showing that there had come into his hands $1,109.30, and claiming as expenses $246.85, and showing that he had paid to plaintiff's $862.45. The intervenors filed objections to the report. On January 14, 1880, it was ordered that the intervenor's objections to report of receiver be continued for hearing to a subsequent term. On January 15, 1880, the intervenors appealed from the decree finding that they had no rights in the property, and from the order refusing to discharge the receiver. The receiver was not made a party to this appeal. This appeal is the one decided in 57 Iowa, 130.

When the cause came up in the court below upon *procedendo*, for decree in accordance with the opinion. (See 57 Iowa 142), the plaintiffs, George M. How & Co. and J. G. Greer & Co., filed a supplemental petition alleging in substance that, after the decree was entered in the main cause, the receiver, in pursuance of that decree paid to George M. How & Co., on August 18, 1879, $714.34, and

to J. G. Greer & Co., the same day, $148.11, and that the receiver has properly and in good faith expended in labor and costs $275.

Plaintiffs pray that the final decree be that the receiver deliver to the clerk as required in the Supreme Court's opinion, excepting the said payments made to plaintiffs, and the said $275; that judgment be rendered against each of the plaintiffs separately for the amount actually received. On January 11, 1882, the receiver filed his petition duly verified as follows: "Now comes H. E. J. Broadman, receiver in the above entitled cause, and files this his petition. Petitioner avers that since the filing of his report, October 2, 1879, and the exceptions taken thereto, he has applied to the court often for a hearing and disposition of the same, but from illness of the judge, or that the main cause had been appealed, such hearing has been denied. Said delay' has been without any request or consent on the part of petitioner. Petitioner also avers that the delay is prejudicial to him, and that questions pertaining to allowance of his reports and claims are being presented or arising, which renders it necessary to place before the court in a formal manner the material facts pertaining to the receiver, and ask the proper relief. Petitioner avers the following facts, and asks permission to prove the same, and that the other parties to the above entitled cause, including the intervenors, Caswell & Meeker and S. Binford, make answers hereto as defendants.

On the 10th of April, 1877, petitioner was appointed receiver in the above case of *George M. How et al. v. E. R. Jones, Clerk.* In the order of appointment the receiver was required to collect, manage and control the notes and claims, and pay over the proceeds according to the nature of the property and exigency of the case. On the 13th of May, 1877, Caswell & Meeker and S. Binford and others intervened, claiming a prior right. The receiver proceeded, as shown by the reports, to collect by suit, in good faith, and

necessarily expended as shown in said reports.   On May 6, 1879, the main case was submitted to be decided in vacation as of said May term, 1879.   At the time of submission the counsel for intervenors especially requested that the receiver be ordered to pay over in vacation on the rendition of decree, and it was agreed to.   August 6, 1879, a decree was rendered holding that plaintiffs, George M. How & Co. *et al.*, had the prior right, and finding against all the claims of all the intervenors, and ordering this receiver to apply the money in his hands to the payment of plaintiff's claims, and make report at the next (Oct.) term of any notes uncollected.

Thereupon, August 18, 1879, receiver paid over to plaintiffs, as shown in his October, 1879, report, $862.45.   No appeal had been taken at that date, nor pretense of same, nor any request by intervenors or counsel to receiver not to pay over, and receiver would have been in contempt if he had not obeyed the mandate of the court.   The receiver made a report of his doings and filed the same October 2, 1879, the October term commencing October 20, 1879.   October 20, 1879, intervenors filed a motion for a new trial.   Said motion was not sustained.   October 23, 1879, plaintiffs moved to confirm the report of the receiver.   October 24, 1879, intervenors filed objections to the approval of report of receiver. November 7, 1879, decree of August 6, 1879, on motion was modified so far as to allow assignment of Caswell & Meeker in sum of $1,000, also S. Binford in ——— sum; also, ordered that plaintiffs pay back to receiver the money received by them, in sixty days.   Exceptions ordered to be settled at the January adjourned term, 1880, of the court.   January 12, 1880, plaintiffs filed a motion to vacate the record of November 7, 1879.   January 14, 1880, the above motion to vacate record of November 7, 1879, was sustained. January 14, 1880, the exceptions to the report of the receiver were continued for hearing at a subsequent term. January 15, 1880, intervenors appealed to the Supreme

Court, but did not make the receiver a party to the appeal, nor serve notice on the receiver of the appeal, nor was there any decision as to receiver which could be appealed from, nor any exception taken to the continuance as to receiver's report. At subsequent terms the receiver endeavored to obtain a hearing on his report, but the court prefered it to stand till decision of the Supreme Court.

The main cause was decided in the Supreme Court about April 6, 1881, and the petition for rehearing was decided about October, 1881. At this December term, 1881, the receiver filed final report in which, by inadvertence of the scribe, the word "no" was omitted. The report should read that "no receipts or disbursements had been made since the last report." Receiver requests that he be no longer delayed, and that the court proceed by reference to a master, or by the court itself, to adjudicate the several reports of the receiver, and discharge himself and his bond. Petitioner now also avers that by oversight the report of October, 1879, and final report, shows that $150 other costs had been collected, when, in fact, the same should read $100, and the report of cash received was in each report too much by fifty dollars, as will be seen by reference to the record of costs in the cause of *Binford & Bros. v. Boardman.*

Petitioner asks that his report may be amended in regard of the above matters; that the defendants (intervenors) answer specifically the averments of this petition under oath; that the reports be allowed and petitioner discharged, and have such other relief as may seem proper."

Afterwards, January, 13, 1882, the court sustained the motion of intervenors to strike from the files the petition of the plaintiffs, and that of the receiver, and, without any evidence, ordered that the receiver pay to the clerk the amount of money received by him, found to be $1,109.30, with interest at six per cent from the date of receiving the last item thereof, amounting to the sum of $1,308.95.

I. The intervenors filed and submitted with the case a

motion to dismiss the appeal. It is insisted that a receiver **1. RECEIVER: order to turn over property: right to appeal from.** cannot appeal from an order directing him to deliver over property in his hands, and authorities are cited to that effect. It may well be that a receiver, who is the mere custodian for the court, cannot appeal from an order directing him to turn over the property in his hands. But when the order erroneously fixes the amount of property in the receiver's hands, and directs him to turn over more than he has in custody, it is essential to the protection of his rights that he should be allowed to appeal, and in such case we think the law will permit him to appeal. It is further claimed that it was determined in the former appeal, 57 Iowa, 130, that Boardman never was receiver, and, that, therefore, he cannot appeal. Counsel in their argument have very much overdrawn what was determined on the former appeal. It was not then decided, as seems to be assumed, that Boardman was a mere usurper, having no rights which the parties are bound to respect, or the courts to protect. What was determined upon the former appeal was simply that the appointment of the receiver, in vacation, without notice, was erroneous, and cannot be sustained. Without undertaking to examine *seriatim* the numerous points made in the motion to dismiss the appeal, we are of the opinion that the motion should be overruled.

II. It is argued by the appellees that all questions in the case were definitively determined upon the former appeal, **2. FORMER adjudication: binds parties only.** and that nothing remains for the court but simply to enter a decree in accordance with the direction in the opinion. This seems to have been the view adopted by the court below. The opinion directs that a decree be entered requiring the receiver to deliver to the clerk of the District Court all moneys, notes, or other property received or held by him under the receivership. But this direction was made, evidently under the supposition that the receiver still had in his hands the property which came into his possession in virtue of his receivership. This is apparent

from the opinion itself. On page 134 it is said: "The notes and money have never reached the hands of plaintiffs, but are now in the hands of Boardman as receiver." And, on page 135 the following language is employed: "The notes and money were delivered to the receiver, in whose hands they now are." The receiver was not a party to this appeal, and cannot be bound by its determinations. It would be grossly unjust to preclude and bind the receiver by a determination that he has the property in his hands, without giving him an opportunity to be heard. If the receiver has in fact, under direction of the court, paid over the money to parties determined by the court to be entitled to it, neither equity nor law demands that he shall pay it a second time. We are clearly of opinion that, notwithstanding the general direction for a decree in the opinion upon the former appeal, the receiver may show that he has disbursed the money, in good faith, under the direction of the court, and hence should not be required to pay it again.

III. The receiver sets up in his petition, as a reason why he should not be decreed to pay over to the clerk the money 3. RECEIVER: received by him, that on the 18th day of August, payment under order 1879, pursuant to an order of the court made on of court: good faith. the 6th day of August, 1879, and before any appeal had been taken therefrom, he paid over to the plaintiff's $862.45. The decree of the court was signed August 6th, and filed August 9th, 1879, in vacation, and is as follows: "It is ordered that the receiver apply the money in his hands to the payment of plaintiff's claims, and make report to the court at the next term of any balance of money, together with all uncollected notes or other property remaining in his hands; that the intervenors pay all costs resulting from their several demands. Intervenor's motion to discharge the receiver is denied. All parties except to each ruling and finding of the court, and any and all parties have leave to move for a new trial at the next term of court." While this decree authorizes the parties to move for a new trial, still they

might at once have appealed, without moving for a new trial. The decree evidently contemplates that the receiver shall at once pay the plaintiff's claims, for it directs him to apply the money in his hands to the payment of plaintiff's claims, and make report to the court at the next term of any *balance* of money remaining in his hands. The receiver, after a delay of nine days, as shown by his report, paid the money to the plaintiffs. There is nothing in the mere fact of his making such payment to show that he acted in bad faith, or to place him beyond the pale of protection. The receiver was entitled, we think, to have the fact and circumstances of the payment inquired into by the court. It is urged that the receiver acted throughout in bad faith in the interest of the plaintiffs, for the purpose of placing the property beyond the reach of the intervenors. If he did so, he is not entitled to the favorable consideration of a court of equity, but all these questions are not to be determined against him unheard.

IV. The receiver sets up in his petition that there was a mistake of $50 in his report, and that he had charged himself with too much by $50. Surely no reason can be assigned why a mistake in the receiver's report should not be corrected.

*4. ——— : error in report : may be corrected.*

V. The decree of the court, which, as before stated, was entered upon the receiver's report, without any evidence, required him to pay interest at six per cent upon the money in his hands, from the date of the receipt of the last item. In this there was error. *Radford v. Folsom*, 55 Iowa, 276 (285).

*5. ——— : liability for interest.*

VI. The receiver's report shows that he had paid attorney's fees and other charges in collecting the money in his hands, amounting to nearly $200. If these disbursements were made in good faith, were necessary, and were beneficial to the parties ultimately entitled to the fund, no reason occurs to us why they should not be paid from the fund.

*6. ——— : attorney's and collection fees : paid out of fund.*

VII. Upon the filing of the motion to strike from the

.files the supplemental petition in the court below, the court, without application therefor, ordered the cause to be transferred to the Circuit Court, for the reason that the judge had been of counsel in the case. Afterward the court, upon motion of intervenors, vacated the order transferring the cause to the Circuit Court, and ordered the cause reinstated, to which ruling plaintiffs excepted. It does not appear that the receiver, who is the only appellant in the proceeding, excepted to this order. Besides it appears from the record that the judge before whom this matter was pending exchanged with the Hon. John Shane, judge of the Eight Judicial District, and that all subsequent rulings complained of were made by him. It is not, therefore, necessary that we should determine whether it was competent for the court, on its own motion, to order a transfer of the cause to the Circuit Court, or, having done so, to vacate the order and reinstate the case. See *Bennett v. Carey*, 57 Iowa, 221. The cause must be remanded to the court below, for inquiry into the facts set forth in the petition of the receiver.

REVERSED.