## MARY JANE HAIGH et al.

### v.

## WILLIAM H. CARROLL.

*Opinion filed June 19, 1902.*

1. RECEIVERS—*when the Appellate Court has no jurisdiction to direct a decree against receiver.* Where the court continues a receivership during the period for redemption, approves the receiver's report, allows his disbursements and grants his discharge, the Appellate Court has no jurisdiction, on writ of error, to reverse the order and direct the entry of a specific decree against him, where the receiver is not before the Appellate Court as a party or otherwise.

2. SAME—*when receiver is a necessary party.* Upon the review of a decree or order, by appeal or writ of error, affecting the accounts of a receiver appointed in foreclosure, he is a necessary party if he is to be bound by the judgment of the court of review.

*Carroll* v. *Haigh,* 97 Ill. App. 576, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

BAKER & CHURCH, for plaintiffs in error:

The receiver was not made a party to the writ of error sued out of the Appellate Court, and it was error for that court to enter a judgment affecting his rights when he was neither actively nor constructively before it. *Terry* v. *Abrahams,* 93 U. S. 38; *Seeley* v. *Mitchell's Assignee,* 85 Ky. 510; *McCulloch* v. *Norwood,* 58 N. Y. 566; *Smith* v. *Trenton D. F. Co.* 3 N. J. Eq. 509; *Hinckley* v. *Gilman,* 94 U. S. 468; *Blossom* v. *Railroad Co.* 1 Wall. 655; *Hovey* v. *McDonald,* 109 U. S. 150; *Kirkpatrick* v. *McElroy,* 41 N. J. Eq. 554; *Guyer* v. *Wilson,* 139 Ill. 392; *Thomas* v. *People,* 107 id. 517; *Heffron* v. *Rice,* 149 id. 216.

A writ of error is a new suit for all purposes. *Bank* v. *Jenkins,* 107 Ill. 291; *Lequatte* v. *Drury,* 6 Ill. App. 389.

Objections for want of parties may be raised in court of review on appeal or error. *Smith* v. *Kochersperger,* 173

197—13

Ill. 196; *Coal Co.* v. *Edwards,* 103 id. 472; *Pratt* v. *Pratt,* 3 Ill. App. 585; 96 Ill. 184.

JOHN C. WILSON, and JOHN H. S. LEE, for defendant in error:

The receiver was not a necessary party to the writ of error. *Anderson* v. *Matthews,* 57 Pac. Rep. 156; *De Vaugh* v. *Byron,* 110 Ga. 906; *Patten* v. *Powell,* 16 La. Ann. 128; *Stout* v. *Phillipi Manf. Co.* 41 W. Va. 339; *Hovey* v. *McDonald,* 109 U. S. 150; *Edgell* v. *Felder,* 99 Fed. Rep. 324; *Farmers' Trust Co.* v. *Railroad Co.* 68 Ill. App. 666; 173 Ill. 440; *Hale* v. *Hale,* 146 id. 227.

Objection for want of parties may not be made now. *Mantonya* v. *Reilly,* 184 Ill. 205; *Insurance Co.* v. *Yount,* 98 Ind. 456.

Mr. JUSTICE HAND delivered the opinion of the court:

The complainants, on August 18, 1898, filed a bill in the superior court of Cook county to foreclose a trust deed upon a ninety-nine-year leasehold interest in certain real estate in the city of Chicago. Upon the filing of the bill Charles S. Read was appointed receiver of the premises, with the usual powers conferred upon receivers in like cases. On October 7, 1898, the defendants were defaulted, and thereafter such proceedings were had that on October 25, 1898, a decree of foreclosure and sale was entered for the sum of $15,994.54, which was the amount found to be due for principal, interest and solicitor's fees. On December 3, 1898, the master's report showing a sale on November 22, 1898, of the premises to Samuel D. Ward, one of the complainants, for the sum of $16,309.50, was filed and approved and the sale confirmed. The sale was for the full amount due upon the trust deed, including interest and cost. In the order approving the master's report and confirming the sale, the court, without notice to the defendants, continued the receiver in possession of the premises during the period of redemption. On

March 27, 1899, the receiver filed a report, showing his receipts and disbursements to have been $8582. Exceptions were filed thereto by the defendant William H. Carroll, the owner of the equity of redemption, which exceptions were overruled, the report approved and the receiver discharged, whereupon Carroll sued out a writ of error from the Appellate Court against the complainants to review the order of the superior court overruling the exceptions, approving the report and discharging the receiver, but did not make Charles S. Read, the receiver, a defendant in error, nor was he otherwise a party to the proceeding in the Appellate Court. The Appellate Court reversed the order of the superior court and remanded the case to that court, with directions to disallow all expenditures made by the receiver during the period of redemption, and to order the payment of the moneys collected by him to the owner of the equity of redemption, less five per centum for the collection thereof, and the complainants and the receiver have sued out a writ of error from this court to the Appellate Court to reverse the judgment of that court, and have assigned as error the action of the Appellate Court in reversing the order of the superior court approving the receiver's report and discharging him from office, and in directing the superior court to enter an order disallowing all expenditures made by the receiver during the period of redemption, and ordering the payment of the moneys collected by him to the owner of the equity of redemption, less five per cent for the collection thereof, when the receiver was not a party to the proceeding in the Appellate Court.

The judgment of the Appellate Court does not affect the decree of foreclosure or any other order of the superior court, except such as relates to the approval of the receiver's report and his discharge. There was no controversy between the owner of the equity of redemption and the receiver as to the amount collected by the re-

ceiver as rent while he was in possession of the mort-gaged premises. The only controversy between them in the superior court was whether the receiver should be credited in his account with certain sums which he had paid out for ground rent, repairs, insurance, commissions, etc. The receiver was directly interested in the question of the allowance of such credits, and the superior court having allowed him credit for such payments and ap-proved his report and granted his discharge, the order of the court in that regard was final, and he could not be deprived of the benefit of such order without an op-portunity to be heard in the court of review. The suing out of the writ of error from the Appellate Court was, as to the receiver, a new suit, (*International Bank* v. *Jenkins,* 107 Ill. 291,) and before the Appellate Court had jurisdic-tion to reverse the order of the superior court approv-ing his report and discharging the receiver, and to bind him by directing a specific decree to be entered against him in the superior court, the receiver must have been brought before that court in some one of the methods provided by law, as no valid judgment can be rendered against a party who is not actually or constructively before the court. (*Thomas* v. *People,* 107 Ill. 517.) A re-ceiver appointed in a foreclosure suit cannot appeal from or sue out a writ of error to review the decrees and orders entered in such cause, except in so far as they affect the settlement of his accounts. To the extent, however, that such orders and decrees affect the settlement of his ac-counts he may have them reviewed on appeal or by writ of error, and upon the review of a decree or order, by appeal or writ of error, affecting the settlement of a re-ceiver's accounts, he is a necessary party if he is to be bound by the judgment of the court of review. *Hinckley* v. *Gilman, Clinton and Springfield Railroad Co.* 94 U. S. 467; *Hovey* v. *McDonald,* 109 id. 150.

In *Hinckley* v. *Gilman, Clinton and Springfield Railroad Co. supra,* which was a foreclosure suit, upon the settle-

ment of the accounts of the receiver a balance was found
due from him and payment directed. The receiver prayed
an appeal. The complainant moved to dismiss the ap-
peal for the reason that the receiver was not a party to
the suit. The court say: "The receiver cannot, and does
not, attempt to appeal from the decree of foreclosure or
from any order or decree of the court, except such as re-
lates to the settlement of his accounts. To that extent
he has been subjected to the jurisdiction of the court and
made liable to its orders and decrees. He has, therefore,
the corresponding right to contend against all claims
made against him. For this purpose he occupies the po-
sition of a party to the suit, although an officer of the
court, and after the final decree below has the right to
his appeal here. In this case the final decree has been
given, and the case is properly here upon the appeal as
prayed and allowed."

In *Hovey* v. *McDonald, supra,* complainants appealed,
and upon the motion of the receiver to dismiss the ap-
peal the court say: "The first matter to be determined
is the motion on the part of the receiver to dismiss the
appeal for the reason that he was not a party to the suit.
This motion cannot prevail. The proceedings instituted
by the order requiring the receiver to file his account,
and the subsequent reference of that account to an au-
ditor and the exceptions thereto, were all directed against
the receiver for the purpose of rendering him personally
responsible for the fund which had been placed in his
hands and which he had delivered over in obedience to
the original decree. It was a side issue in the cause, in
which the complainants on the one side and the receiver
on the other were real and interested parties. The decree
confirming the auditor's report was, as to this matter, a
final decree against the complainants and in favor of the
receiver. * * * The receiver, though not a party in the
principal suit, was an officer of the court appointed in
the suit and was a principal party to the particular ques-

tion raised by the proceedings referred to.  *  *  *  In the last case cited (*Hinckley* v. *Gilman, Clinton and Springfield Railroad Co.* 94 U. S. 467,) a decree was rendered against a receiver directing him to pay into court a certain sum of money, being the balance found due from him on a settlement of his accounts.   He appealed from this decree, and his right to appeal was sustained by this court.  This case is a direct authority to show that the receiver in the present case, had the decree been against him, could have taken an appeal, and if he would have had a right to appeal, surely the opposite parties have the same right."

In *Howe & Co.* v. *Jones,* 57 Iowa, 130, a receiver was appointed in vacation, without notice.   The Supreme Court, on appeal to which the receiver was not a party, reversed the decree and directed that the order of the court appointing the receiver be set aside, and that the receiver deliver to the clerk of the district court all moneys, notes or other property received or held by him under the receivership.  On the case being remanded the lower court undertook to enforce this order without regard to payments made by the receiver in accordance with its former orders.   On the appeal of the receiver the Supreme Court, in *Howe* v. *Jones,* 60 Iowa, 70, in reviewing its former decision, say: "The receiver was not a party to this appeal and cannot be bound by its determinations.   It would be grossly unjust to preclude and bind the receiver by a determination that he has the property in his hands, without giving him an opportunity to be heard."

The judgment of the Appellate Court, by reason of the fact that the receiver was not a party to the writ of error sued out from that court, will be reversed and the cause remanded to the superior court, without prejudice to the right to sue out another writ of error.

*Reversed and remanded.*