FOXLEY CATTLE CO., Appellee,

v.

MIDWEST SOYA INTERNATIONAL, INC., and Kim F. Pleggenkuhle, Appellants.

No. 97–2057.

Supreme Court of Iowa.

Oct. 21, 1998.

Brian D. Miller of Oltrogge Law Office, P.C., Clear Lake, for appellants.

Norbert W. Kaut of Nyemaster, Goode, Voigts, Hansell & O'Brien, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

PER CURIAM.

Midwest Soya appeals the district court's order awarding a receiver appellate attorney fees. It maintains the district court erred in awarding appellate attorney fees as costs in the absence of an express statutory provision or written agreement authorizing such an award. The receiver contends the award of appellate attorney fees was properly made pursuant to several statutory provisions, a settlement agreement providing that any fees of the receiver or his attorney be paid by appellants, and the district court's order authorizing the receiver to employ an attorney. We affirm.

## I. Factual Background and Proceedings Below.

This dispute arises out of a foreclosure action filed by the plaintiff, Foxley Cattle Company, against Midwest Soya and Kim Pleggenkuhle (hereinafter Midwest Soya). On May 2, 1994, the district court appointed John Long as receiver. On June 16, 1994, the district court approved the receiver's application for employment of an attorney.

On September 7, 1995, the district court approved the receiver's final report and entered an order awarding the receiver attorney fees and expenses. Midwest Soya appealed this order, challenging the amount of attorney fees awarded.

During the pendency of the appeal, the parties successfully reached a settlement. The settlement agreement provided that Midwest Soya was responsible for "any fees due to the Receiver, John Long, and his attorneys." Subsequently the court entered a judgment and decree of foreclosure. The court retained jurisdiction to enter such further orders as required. A satisfaction of judgment was executed on Foxley's behalf.

Thereafter, the receiver filed a motion to tax as costs the fees and expenses, totaling $10,916.87, incurred by the receiver's attorney relating to the previous appeal. Midwest Soya resisted arguing, among other things, that costs in connection with the appeal were not assessable by the district court. The district court granted the motion and awarded appellate attorney fees of $10,500, plus expenses of $416.87 to the receiver.

Midwest Soya filed an Iowa Rule of Civil Procedure 179(b) motion arguing that the district court did not have jurisdiction to award appellate attorney fees and that the court could not assess appellate attorney fees as court costs. The district court rejected the proposition that the power to award appellate attorney fees rests solely with the appellate courts. However, the court modified the award of attorney fees and expenses. Based on a figure of $90 per hour for services, the court entered a judgment of $6588 for attorney fees and $547 for expenses.

Midwest Soya appeals.

## II. Arguments.

Midwest Soya argues the district court erred in awarding appellate attorney fees to the receiver because attorney fees are generally not recoverable as costs in the absence of a statute or a provision in a written agreement. *See Suss v. Schammel,* 375 N.W.2d 252, 256 (Iowa 1985). It also notes that in disposing of this case the court of appeals did not remand it or provide directions for the trial court to determine appellate attorney fees. Indeed, both parties appear to agree that the receiver did not seek appellate attorney fees in the appellate court.

The receiver responds that its appellate attorney fees are authorized pursuant to several statutory provisions including Iowa Code section 630.13 (1997) (compensation for sheriffs, referees, receivers, and witnesses in pro-

ceedings auxiliary to execution), and, by implication, Iowa Code chapter 680 (Receivers). The receiver also notes that the parties' settlement agreement provides that Midwest Soya is solely responsible for "any fees due the Receiver, John Long, and his attorneys" and the district court authorized the receiver to employ an attorney.

### III. Receiver's Appellate Attorney Fees.

■■■ "A receiver is an officer appointed by the court to take into its custody the control and management of property or funds of another, pending judicial determination of its proper distribution." *Iowa State Commerce Comm'n v. Manilla Grain Terminal, Inc.*, 362 N.W.2d 562, 564 (Iowa 1985). The receiver is also permitted to obtain counsel, and counsel fees are considered as being within the just allowances that may be made by the court. 66 Am.Jur.2d *Receivers* § 293, at 108 (1973). "Such counsel fees are classed as receiver's expenses, and, like other expenses of administration, take precedence over preexisting liens on the funds or property in receivership." *Id.*

■ Ordinarily, the receiver's costs, including attorney fees, are paid out of the general fund or property in the receivership. *See G.M. How & Co. v. Jones*, 60 Iowa 70, 14 N.W. 193 (1882). In this case, however, the parties entered into a settlement agreement which led to a judgment and decree of foreclosure. There was, therefore, no general fund from which to pay the receiver's fees.

■ While we agree with Midwest Soya that there is no statutory provision specifically authorizing the award of the receiver's appellate attorney fees as costs, there is a written settlement agreement. This agreement specifically provides that Midwest Soya is responsible for any fees of the receiver and his attorneys. We note that when the district court ruled upon the receiver's final report and application for fee expenses, Midwest Soya objected to the amount of the receiver's attorney fees but not to its obligation to pay attorney fees. Again, Midwest Soya only objected to the amount of the receiver's attorney fees on its first appeal.

Now Midwest Soya asserts that the agreement's provision regarding payment of the receiver's attorney fees does not encompass *appellate* attorney fees. However, we find the district court properly awarded appellate attorney fees to the receiver pursuant to the settlement agreement. Although the settlement agreement does not expressly state that Midwest Soya is responsible for *appellate* attorney fees, we have interpreted similar contract language and concluded that a written agreement providing for attorney fees "in no way limited [the fees] to costs in the trial court" but also included fees incurred from appeal. *See Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982); *see also Farmers Bank v. Erpelding*, 555 N.W.2d 222, 226 (Iowa 1996) (party can recover appellate attorney fees where the language of the note does not expressly prohibit it); *Federal Land Bank v. Woods*, 480 N.W.2d 61, 70 (Iowa 1992) (holding that bank was entitled to appellate attorney fees because the attorney fee language in the note did not prohibit such fees).

### IV. Conclusion.

We find the district court properly awarded appellate attorney fees to the receiver pursuant to the parties' written settlement agreement. Accordingly we affirm the district court's ruling. The receiver requests the "additional expense of these proceedings on appeal" also be taxed to Midwest Soya. We conclude the receiver is entitled to some attorney fees but we remand to the district court for the determination of the proper amount of attorney fees incurred upon this appeal.

**AFFIRMED AND REMANDED.**