## E. V. HOFFMAN *vs.* BANK OF MINOT.

Opinion filed December 17th, 1894.

### Notice of Appeal—Service on Clerk.

The service of the notice of appeal upon the clerk of the court from which the appeal is taken is jurisdictional, and where the record fails to show such service this court cannot hear the case.

### Discharge of Receiver—Consent of Parties.

It is not error for the trial court to refuse an application to discharge a receiver, even where both parties to the record consent to such discharge. Before the receiver is discharged, he should be required to pass his accounts, and proper provision made for his compensation.

### Judgment of Dismissal—Compensation—Accounts—Application to Vacate Dismissal by Receiver.

Where parties to an action in which a receiver has been appointed subsequently consent to a judgment of dismissal of the action, without making any provision for the settlement of the accounts of the receiver, or for his compensation, it is not error on the part of the court, on the application of the receiver, to set aside the order dismissing the case.

Appeal from District Court, Cass County; *Rose* and *Lauder*, J's.

Action by E. V. Hoffman against the Bank of Minot. From an order appointing a receiver, from an order refusing to discharge the receiver, and from an order overruling a previous order dismissing the original action, defendant prosecutes three separate appeals, which are consolidated, and disposed of in one opinion.

Affirmed.

*E. Ashley Mears* and *J. C. Marshall*, for appellant.
*Newman, Spalding & Phelps*, for receiver.

BARTHOLOMEW, J.   There are three cases, *eo nomine*, but they are so interwoven and interdependent that it will be more satisfactory to dispose of them all in one opinion.   They all arise out of efforts made by the defendant and appellant to discharge a receiver appointed in the original action brought by the plaintiff against the defendant.

We are first confronted with a motion made on behalf of the receiver to be permitted to appear in this court and resist the appeals. This receiver was appointed soon after the institution of the action. The action was brought by plaintiff in her own name, and, so far as the record discloses, neither on the behalf of, or in the interest of, any other party. The receiver being but the officer of the court, and subject at all times to the orders of the court, and standing entirely indifferent, as between the parties, it is difficult to conceive of any legal reason that would give him any right to appear in this action, except so far as necessary to protect his individual interests, or the rights of his bondsmen. Such, we think, has been the almost universal holding of the courts. See Beach, Rec. § 791, and cases cited; High, Rec. § 846, and cases cited; 20 Am. & Eng. Enc. Law, p. 227, cases cited in note 1. This principle would require us to overrule the motion in two of these cases, and, as the conclusion we have reached leads us to an affirmance in the third case, his appearance therein becomes immaterial, and hence the motion is denied.

Upon the first case, which is an appeal from the order appointing the receiver, we find, on reference to the record, that there is no evidence of any service of notice of appeal either upon the plaintiff in the action, or upon the clerk of the court from which the appeal is taken. We have repeatedly held that the service of this notice upon the clerk was jurisdictional, and that even the appearance of the respondent in the action in this court would not give us jurisdiction, where there had been no service of notice on the clerk. And see *Gold Street* v. *Newton*, 2 Dak. 39, 3 N. W. 311. We are therefore left without jurisdiction to determine this appeal. We are satisfied, however, that the result would not have been different, even had the notice of the appeal being served, because the receiver was appointed on the application of the plaintiff, contained in her original complaint, supplemented by an affidavit. The abstract which the appellant has brought into this court discloses the complaint, the affidavit, and the order, and we are asked to set aside the order because the complaint and affidavit

do not show sufficient grounds for making it; but reference to the record that has been sent up from the lower court discloses the fact that in the certificate of the judge who made such order, and which is appended to such record, it appears that the order was made upon the complaint, affidavit, and the answer of the defendant. This answer does not appear in the abstract. Under well established principles, we cannot presume error, nor can we reverse upon an emasculated abstract. We must presume that, if the showing made by the complaint and affidavit be insufficient, it was supplemented either by a statement of sufficient facts, or by consent contained in the answer.

Some time after the appointment of the receiver in the original case, the parties to the action went before the Honorable W. S. Lauder, Judge of the Fourth Judicial District, in the absence of the Judge of the Third Judicial District, in which district the action was brought, and, upon the motion of the defendant, consented to by the plaintiff, asked to have the receiver discharged. The judge to whom this application was made was not the judge who made the original order appointing the receiver, but upon the hearing—the receiver not appearing, and not having been notified—the judge refused to grant an order discharging the receiver. From the order thus made, the second appeal was taken. We are very clear that we cannot disturb that order, first, because orders of that character are so peculiarly in the discretion of the trial court that it is only in exceptional cases, and where abuse of discretion is unquestionably shown, that this court would interfere with an order made by the trial judge. In this case, so far from finding any abuse of discretion, it seems too clear for argument that the order was in all respects right. The application for the discharge did not ask that the receiver be notified, and requested to pass his accounts, or that any provision be made in any way for payment for his services, or for disbursements that he may have made. A party cannot thus apply to a court, have a receiver appointed and enter upon the discharge of his duties, execute his bond, take charge of property, incur large disburse-

ments, and then, on his own motion, have such receiver discharged, without making any provision whatever for his disbursements and compensation. High, Rec. § 837; *Fay* v. *Bank*, Har. (Mich.) 195; *Crook* v. *Findley*, 60 How. Pr. 375. It is clear that the order refusing to discharge the receiver was correctly made, and it must be affirmed.

The third appeal arises in the following manner: Subsequent to the application above noticed the parties went before Judge Lauder, and, by stipulation, dismissed the original action, allowing judgment to be rendered against the plaintiff for costs. In this application it was in no manner disclosed to the court that any receiver existed in the case. The court made an order dismissing the case, and directing judgment against the plaintiff, as per the stipulation. Very soon thereafter, and as soon as knowledge of these facts came to the receiver, that officer, by his attorneys, applied to Judge Lauder for an order setting aside the order of dismissal; setting forth in the application the existence of a receivership, and that such order of dismissal had been made without notice to or knowledge of the receiver, and in fraud of his rights. Upon such application, Judge Lauder set aside the order of dismissal, and from this latter order the third appeal is taken. This order is not appealable, under Laws 1893, Ch. 83.

For the reasons stated under the second appeal, and on the authorities there cited, it becomes apparent that the order from which the appeal is taken was in all respects proper.

It must therefore be affirmed. All concur.