# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1894.

## Chicago Title & Trust Company, Receiver of the James H. Walker Company, v. Joseph Caldwell.

1. RECEIVERS—*When They May Appeal.*—A receiver is the mere hand of the court to do what the court directs. When in passing upon his accounts the court charges, or refuses to allow items, and he claims the action of the court does him wrong personally, he may appeal, but he can not appeal from an order in which he has no interest, as one relating to the distribution of assets.

**Bill to Dissolve a Corporation** and distribute its assets. Appeal from an order upon the receiver. Entered by the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Submitted at the October term, 1894. Dismissed. Opinion filed April 4, 1895.

WILLITS, CASE & ODELL, attorneys for appellant.

CHARLES SHACKLEFORD, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is receiver of the assets of the James H. Walker Company, a corporation, under a bill filed against it to dissolve it, and distribute the assets. No further statement of the objects of that suit is necessary to the consideration of the question upon which we will dispose of this appeal.

September 7, 1894, the court ordered that a claim made against the Walker Company " be allowed against the estate for $850, to be paid *pro rata* with the claims of general creditors, and that the receiver pay to said Caldwell, as dividends upon said sum, the same percentage thereof as paid upon other claims of unsecured creditors."

From that order the court allowed an appeal to this court which the appellant perfected, and the case is now here.

Very vague and confused notions seem to prevail in this county—we have not observed that they have spread over the State—as to the powers of receivers. A receiver is the mere hand of the court, to do what the court directs.

When in passing upon his accounts the court charges or refuses to allow items, and he claims that the action of the court does him wrong personally, he may appeal. Hinckley v. Gilman, etc., R. R., 94 U. S. 467; How v. Jones, 60 Iowa 70.

But if he may appeal from one order in which he has no interest, as to the distribution of assets, he may from every one; and unless he can be charged with bad faith or want of reasonable prudence, his expenses and reasonable compensation must come out of the assets. No precedent for such an appeal has come to our knowledge except a series of cases in 28 N. Y. Sup., where, under the peculiar system of New York, it was held that a receiver having a right to apply to the court for instructions, was entitled to instruction by the entire court, and therefore, might appeal from special to general term. People v. St. Nichols Bank., 28 N. Y. Sup. 407.

But even there the vigorous protest of Van Brunt, P. J., would seem unanswerable if the appeal were to another court.

This point has not been made by counsel for the appellee, but we can not sanction, even by silence, the idea that a receiver may set up in opposition to the court, his theories of how the assets shall be disposed of.

Next we will have clerks appealing from directions of the courts to enter orders, unwise in the opinion of the clerks.

The appeal is dismissed at the cost of the appellant, to be paid by it, without any charge against the estate for costs or other expenses. Appeal dismissed.