MATHER HUMANE STOCK TRANSP. CO. v. ANDERSON et al.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

No. 299.

1. RAILROAD RECEIVERS—PRIORITIES OVER MORTGAGE.
    A claim for car rentals accruing before the appointment of receivers is not entitled to priority over the lien of a pre-existing mortgage.
2. SAME.
    The fact that, by the terms of a lease of cars to a railroad company, a portion of the rent was not due when receivers for the company were appointed, does not give a claim for that portion of the rent a preference over a mortgage on the road recorded before the making of the lease.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

E. S. Smith, for appellant.

Bluford Wilson, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. At the suit of the trustees in a mortgage executed in the year 1888 by the Chicago, Peoria & St. Louis Railroad Company upon its railroad and appurtenant properties, and upon the income and profits thereof, the appellees on September 21, 1893, were appointed receivers, and were directed to operate the road, and out of the income to pay, as preferred debts, "all claims for materials and supplies which have been incurred in the operation and maintenance of said property during the six months last past." On the 24th of November, 1891, the railroad company had leased of the appellant, the Mather Humane Stock Transportation Company, a corporation of Illinois, 100 stock cars, for which the rental, accrued after May 1, 1893, and amounting to $3,722.40, had not been paid. This demand the appellant, by an intervening petition, asked to have allowed and declared to be a lien prior to the lien of the mortgage on the road and income. It appeared that of the sum above named $1,346.40 accrued after August 1, 1893, and that the railroad company had received $1,361.66 for the use of the leased cars on other lines of road between May 1, 1893, and the appointment of the receivers. The priority asked for the entire demand, and for each of the smaller sums named, the court denied, and error is assigned upon each of the rulings.

That the claim for rentals of cars accrued before the appointment of the receivers was not entitled to priority over the lien of the mortgage is settled by the decision of the supreme court in Thomas v. Car Co., 149 U. S. 95, 112, 13 Sup. Ct. 824, 831. After reference to the cases of Miltenberger v. Railroad Co., 106 U. S. 286, 1 Sup. Ct. 140, and Kneeland v. Trust Co., 136 U. S. 89, 97, 10 Sup. Ct. 950, it is there said:

"Tested by the principles asserted in these cases, the claim for car rental that had accrued prior to the receivership cannot be maintained, but should have been disallowed. The case of a corporation for the manufacture and sale of cars, dealing with a railroad company whose road is subject to a mortgage securing outstanding bonds, is very different from that of workmen and employés, or of those who furnish from day to day supplies necessary for the maintenance of the railroad. Such a company must be regarded as contracting upon the responsibility of the railroad company, and not in reliance upon the interposition of a court of equity."

The assertion of a lien for the smaller sums rests on no better equity. There was nothing in the contract of lease to forbid the use of the cars upon other lines of road, and the money so earned is no more subject to a trust in favor of the lessor than the earnings of the cars when in use on the road of the lessee. It is contended that for the amount due for the use of the cars after August 1, 1893, a preference should be allowed, because by the terms of the lease that portion of the rent was not due when the receivers were appointed, and the intervener could not have retaken its cars for default in the payment, or to secure the payment of that amount. The fun-

damental proposition is that a demand for the rental of cars cannot be allowed to displace the lien of a prior mortgage, and the proposition is not to be affected by any provision in the lease for the giving of credit. The mortgage being recorded, knowledge of it on the part of a lessor of cars, or of other contracting parties, must be presumed; and unable, as they necessarily are, to displace the mortgage lien by express contract, they cannot do it upon any supposition of reliance upon equitable interference, unless the claim be one which, in exception to the general rule, has been recognized as entitled to such priority. The appellant's claim is not of that character, and was not made so by the order of court appointing the receivers. Car rentals are not "materials and supplies," and, besides, the order, being in that respect interlocutory, is not controlling of the subsequent action of the court. It creates no vested right, and, if wrong, was to be disregarded. The decree below is affirmed.