SECURITY TRUST CO. v. SULLIVAN.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1897.)

No. 341.

1. FINAL APPEALABLE DECREES—REFERENCE TO MASTER.
    An order, upon an intervening petition presenting a claim against an insolvent estate, which refers such claim to a master, though it purports also to sustain a demurrer to the petition as to part of the relief sought, is not final, and so not appealable.

2. INSOLVENCY—CLAIM OF PREFERENCE—PLEADING.
    The question of the right to a preference for a claim against an insolvent estate cannot be raised by demurrer to a petition presenting such claim and asserting a preference.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

George S. Steere, Clarence S. Brown, and Robert McMurdy, for appellant.

Lorin C. Collins, Jr., and William Meade Fletcher, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The appellant, the Security Trust Company, was permitted to file an intervening petition in the case of Towle against the American Building, Loan & Investment Society; wherein the appellee, Sullivan, had been appointed receiver of the

**last-named company.** It is alleged in the petition that the Security Trust Company had, by assignment of the holders, received, in the usual course of business, for a valuable consideration, certain certificates of membership issued by the American Building, Loan & Investment Society, which certificates, it is alleged, are in effect negotiable promissory notes of that company. The prayer of the petition is that the claim be allowed for the full amount of the certificates, and declared prior and preferred to the claims of those who hold only certificates of stock issued in the ordinary form, and who do not hold paid-up certificates. To this petition the receiver demurred, on the ground that by his own showing the petitioner was not entitled to the relief prayed for. There were pending at the same time demurrers on the same ground to a number of like petitions, and all having been heard together the court ordered that the demurrers each "be sustained, and," as the order proceeds to say, "the said petitioners now here each electing to stand by his petition, that the said petitions and each of them be, and the same hereby are, dismissed for want of equity so far as a preference is claimed over the ordinary shareholders of said society, and that said claims not already referred to a master in chancery be, and hereby are, referred to Henry W. Bishop, master in chancery of said court, to take evidence concerning the validity of same, and report his conclusions of law and fact thereon to the court." The objection has not been suggested by counsel, but we cannot overlook the fact, that this decree or order is not final, and, not being an order of injunction, is not appealable. If upon the master's report, when made, it shall be determined that the appellant's claim is valid, then it may be incumbent upon the court to consider the question of priority. The petition being good for any purpose, as without question it was for the purpose of presenting the claim for allowance, it was proper that the demurrer should be overruled, and that was the effect of the order made. There may be a demurrer to a part of a bill, accompanied by an answer or plea, or answer and plea, to the other parts, but we know of no authority for an attempt, and in the nature of things it would seem to be impracticable, to determine on demurrer to a petition or bill, before final decree, what particular relief shall or shall not be granted, and especially to determine a question of priority of one creditor over others not represented at the hearing. The receiver in such cases cannot represent one interest against another, and as the record is presented here the creditors over whom the appellant seeks to be preferred are not parties to the appeal, and are without representation. The appeal is therefore dismissed.