JENKINS, Circuit Judge
(after stating the facts as above). The contention of the receiver is thus stated in the brief of his counsel:
“The question thus presented to this court for determination is one as to the displacement of vested contract liens by unsecured creditors. There is no-controversy as to the labor having been performed or the materials furnished within the six months next prior to the appointment of the receiver of the insolvent corporation, nor as to the value of the same. The only controversy is as to whether or not the appellee is entitled, on its petition and proof made thereunder, to have the vested lien of the mortgagee displaced to'the extent of his claim.”
*971 He insists that the provision in the decree appointing a receiver, providing for the payment of certain claims as preferential, created no vested right; and that, within our ruling in Transportation Co. v. Anderson, 46 U. S. App. 138, 22 C. C. A. 109, and 76 Fed. 164, the decree in that regard was interlocutory, and is not controlling of the subsequent action of the court; and that, within the doctrine declared in Turner v. Railway Co., 8 Biss. 315, Fed. Cas. No. 14,258; Fosdick v. Schall, 99 U. S. 235; Trust Co. v. Souther, 107 U. S. 591, 2 Sup. Ct. 295; Burnham v. Bowen, 111 U. S. 776, 4 Sup. Ct. 675; Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 6 Sup. Ct. 809; Wood v. Deposit Co., 128 U. S. 416, 9 Sup. Ct. 131; Kneeland v. Trust Co., 138 U. S. 509, 11 Sup. Ct. 426; Thomas v. Car Co., 149 U. S. 111, 13 Sup. Ct. 824; Farmers’ Loan & Trust Co. v. Green Bay, W. & St. P. Ry. Co., 45 Fed. 664,—before a claim can be deemed to be preferential to the mortgage debt, there must be first established a diversion of income from the payment of operating expenses to the payment of interest; and that, failing diversion, there can be no restoration. The broad ground is taken that a court of equity, assuming, at the request of a trustee, the operation of a railway, has not the right to provide for the payment, out of the income or the corpus of the road, of operating expenses incurred within a limited time prior to the suit, unless there has been diversion of income, and then only to the extent of such diversion.
It is, however, objected by the appellee that with this question the receiver is not concerned, and that, the justice of the debt being conceded, it is none of his affair that it is preferred by the decree to the mortgage debt. This contention, we think, must be sustained. While it is true that a receiver is the instrument of the court for the conservation of the estate which the court has taken into its possession for administration, it is also true that in a sense he represents all parties in interest. His duty is to defend the estate against all claims which he deems to be unjust. His duty is to conserve the estate as a whole for its distribution by the court among those who shall be adjudged to be entitled. He represents the estate, with right to sue to recover demands due to it, with right to defend it against claims asserted. In this respect we concur with the circuit court of appeals for the Fourth circuit that this duty carries with it the right and the duty, in case of doubtful claim, to take the judgment of the court of last resort. Thom v. Pittard, 8 U. S. App. 597, 10 C. C. A. 352, and 62 Fed. 232. This right and duty should, however, be limited in its exercise to those cases in which the estate, as a whole, is interested to enforce a right or to defend against a claim asserted. In respect to many matters the receiver has no right of appeal, while in respect to others his right to appeal may not be gainsaid. Thus, he may rightfully appeal from a decree refusing him compensation, or disallowing his accounts, or establishing a claim against the estate, or denying a claim asserted for the estate. He has no right to appeal from a decree removing him from his position, for that is matter of discretion with the court appointing him, and he holds his position by the sufferance of the court; nor has he the right of appeal from a decree authorizing an issue of receivers’ certificates-, *972 or directing a particular management of the trust property, or directing sale of the mortgaged property, or confirming its sale, or directing the turning over of property in his hands; for he is neither the censor of the court, nor interested in the event. Illustrations might be multiplied. The true line of demarcation we think to be this: He has the right of appeal with respect to any claim asserted by or against the estate, for therein he is the representative of the entire estate. He has the right of appeal from any decree which affects his personal right, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit. He should therein be indifferent, and not a partisan. His duty is to all parties in common. He should not become the advocate of one against another. Trust Co. v. Sullivan, 46 U. S. App. 601, 603, 23 C. C. A. 458, and 77 Fed. 778.
The record here is not complete. There has been brought to this court only so much of the record as is thought to bear upon the particular question which the receiver desired to present. It was, however, conceded at the argument that, prior to the decree appealed from, the railway had been sold under decree of sale, and had passed out of the possession of the receiver, and into the possession of the purchaser, and that the receiver had not in hand moneys with which to pay the debt adjudged. That this debt was a just claim against the estate is not doubted, and is conceded. No objection is taken to its allowance, nor is it questioned that, under the decree appointing the receiver, it was a proper claim to be paid in preference to the mortgage; but the receiver asserts that the decree allowing preferential claims was improvident, and that the mortgage had preference in payment, because there had been in fact no diversion of income to the payment of interest. Neither the trustee nor the bondholders nor the purchaser is here objecting. Who made the receiver the guardian of their interests in this regard? What duty is imposed upon him to assert the supposed right of one creditor over another in respect to a common fund; and this, whether the estate remains in his custody or has passed from his possession and control under decree and sale? By what right does he become the partisan advocate when his duty demands of him impartiality and indifference with respect to the division of this common fund? By what authority may he assert the rights of a purchaser? By what right does he undertake to prevent the enforcement of this claim against the purchased estate, presumably by the decree of sale charged as a lien upon it? .He has no such right. He is, in so doing, an interloper, obtruding himself, in breach of his duty, where he has no right, and in a matter with which he is not concerned. To sanction such action is to encourage vexatious litigation at the expense of the estate, which should be cast upon the interested parties, and to hold out the temptation to a receiver and his counsel to swell the cost of administration by assuming litigation with which he has not right to interfere.
It was held in Farlow v. Kelley, 131 U. S. Append, cci., that the allowance by a circuit court of an appeal taken by a receiver is equivalent to leave by the court to the receiver to take an appeal, and it is *973 urged that, since the appeal here was allowed by the circuit court according to usual practice, we are bound to entertain it, and to determine the question which the receiver has presented. In some states it is held that no case may be appealed by a receiver without permission, notwithstanding parties may appeal as of right and without leave. The supreme court, in the case referred to, merely holds that, if leave were essential, it was granted by the usual allowance of an appeal; but it is nowhere held, and the doctrine cannot be sanctioned, that the allowance of an appeal can operate to elothe the receiver with an interest which he has not, or can impose upon an appellate court the duty of hearing and determining a moot question. The appeal will be dismissed.