## John W. Sutton, Receiver, etc., v. Louis Weber.

1. APPEALS—*By Receivers.*—A receiver is but the arm of the court, bound to do its bidding. He has a personal interest only in his compensation and claim for the expense he has been to, and from orders as to such things he may appeal, but from nothing else.

Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Dismissed. Opinion filed February 21, 1902.

Sutton v. Weber.

Wм. E. Hughes, attorney for appellant; J. W. Sutton, *pro se.*

Felsenthal & Foreman, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the court.

In the record of this cause, after bills of complaint, petitions, reports, orders, testimony and proceedings in court, appears the following order from which this appeal is taken:

"Entered July 24, 1900. This cause coming on to be heard on the petition of Louis Weber that J. W. Sutton, receiver, pay rent for the store occupied by him, and it appearing that the receiver has sufficient funds to pay said rent, and the amount of said rent having been fixed by the court at the sum of $140, and made a first lien upon all the property in the hands of the receiver, and said $140 being a part of the amount realized upon the sale of said property, it is ordered that said receiver pay forthwith to said Weber the sum of $140."

The record then proceeds, "from which order of the court the said J. W. Sutton, receiver, prays an appeal to the Appellate Court in and for the First District of Illinois, which is allowed upon the receiver filing a bond within thirty days and a certificate of evidence in sixty days."

A receiver is but the arm of the court, bound to do its bidding. The receiver had no personal interest in what should be done with the $140 he was ordered to pay. A receiver has a personal interest in his compensation and claim for the expense he has gone to. From orders as to those things he may appeal, but from nothing else.

We have frequently decided this, and often called attention, not only to the principle involved, but to the numerous authorities upon the subject. Chicago Title & Trust Co., 58 Ill. App. 219; 17 Ency. of Pleading & Practice, p. 870.

The appeal is dismissed.