### Milton J. Foreman, Receiver, et al., v. Defrees, Brace & Ritter.

#### ·Gen. No. 11,677.

1. APPEAL—*what does not confer right of.* An order as follows :

" The Assets Realization Company has this day entered its appearance in this cause and it is by the court ordered, etc., that the court, without the consent of said company, retain jurisdiction over the said Assets Realization Company for the purpose of making such further orders and decrees in the premises as may be necessary to enforce a full compliance by the said company with the terms of its bid so accepted by this court,"—
held not to confer upon said Assets Realization Company the right to appeal from an order entered upon the receiver in the cause requiring him to make certain disbursements.

2. APPEAL—*when receiver cannot.* A receiver has no right to ap-

'Foreman v. Defrees, Brace & Ritter.

peal from an order of court directing him to make disbursements. It is only from orders affecting his compensation or from orders refusing to allow items in his account that a receiver may appeal.

3. APPEAL—*when court will dismiss, sua sponte.* The Appellate Court will dismiss *sua sponte* an appeal taken by a receiver as to a matter with respect to which he has no right of appeal, jointly with another not a party to the record and having no right of appeal.

Petition in receivership proceeding for allowance of fees, etc. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Dismissed. Opinion filed April 18, 1905. Rehearing denied May 5, 1905.

S. W. SWABEY, for appellants.

JOHN G. CAMPBELL, for appellee; DEFREES, BRACE & RITTER, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In a chancery cause pending in the Circuit Court, wherein The People of the State of Illinois ex rel., etc., was complainant, and the Mechanics and Traders Savings, Loan & Building Association was defendant, appellees filed a petition alleging that they, under an employment by the defendant, had rendered services to and expended money for the defendant in resisting the application for the appointment of a receiver for and the dissolution of said corporation, and praying that an order be entered in said cause allowing their claim and directing the receiver of the defendant to pay the same out of any moneys in his hands, or which might come into his hands as such receiver. Milton J. Foreman, receiver of the defendant, filed an answer to the petition; proofs were heard by the court and a decree entered in the cause, which found that the petitioners were employed by the defendant to resist the application for the appointment of a receiver, etc., and under such employment had rendered services which were of the reasonable value of $3,725, and had necessarily paid out in and about said defense $533.37, and ordered that the receiver pay to the petitioners, in due course of administra-

tion, out of any money in his hands or which should come into his hands belonging to said association, the sum of $4,258.67. From this decree, "Milton J. Foreman, Receiver, etc., and Assets Realization Company," prayed, were allowed and perfected their joint appeal to this court. The Assets Realization Company was not a party to the suit in which the decree was entered. It was merely the purchaser of the assets of the defendant company. In the order confirming the sale of the assets of the defendant to that company, appears the following: "The Assets Realization Company has this day entered its appearance in this cause, and it is by the court ordered, etc., that the court, with the consent of said company, retain jurisdiction over the said Assets Realization Company for the purpose of making such further orders and decrees in the premises as may be necessary to enforce a full compliance by the said company with the terms of its bid so accepted by this court."

The order did not make the Assets Realization Company a party to the decree nor entitle it to the right to appeal therefrom. In L. E. & St. L. R. R. Co. v. Surwald, 147 Ill. 194, a suggestion was made on the record that since the commencement of the suit, the defendant corporation had become merged in another corporation and the latter corporation appealed. The Appellate Court dismissed the appeal, and upon a further appeal to the Supreme Court the order and judgment of the Appellate Court was affirmed. In the opinion in that case it was said (p. 195) that, "No legal steps were taken by the appellant to be made or substituted as a party defendant in the proceedings. If it had become, pending the litigation, the successor in interest of the defendant, that fact should have been disclosed to the court in the appropriate way, and then the proper order might have been had making it a party. (Scott v. Milliken, 60 Ill. 108; Mercantile Ins. Co. v. Jaynes et al., 87 Id. 199; Lawrence v. Lane, 4 Gilm. 354.) The mere suggestion that since the commencement of the suit the defendant had become merged in appellant corporation, was not sufficient to make the latter a party so as

Foreman v. Defrees, Brace & Ritter.

to entitle it to effect an appeal.  'The right to an appeal is purely statutory, and no statute exists, of which we are aware, that authorizes an appeal by a person not a party to the suit.'  Hesing v. Attorney General et al., 104 Ill. 295; Rorke v. Goldstein, 86 Id. 568."

Nor is the order appealed from, one from which the receiver of the Building & Loan Association has any right to appeal.  He was an officer of the court.  The assets of the corporation were under the control of the court and he as receiver had no personal interest in the question whether the assets in his hands should go to the appellees or to his co-appellant.  It is only from orders affecting his compensation or from orders refusing to allow items in his account that a receiver may appeal.  Haigh v. Carroll, 197 Ill. 193; Stevens v. Hadfield, 178 Id. 532; Sutton, Receiver, v. Weber, 100 Ill. App. 360.

In Chicago Title & Trust Co., Receiver, v. Caldwell, 58 Ill. App. 219, as in this case, the bill was to dissolve a corporation.  The receiver of the corporation appealed from an order allowing a claim against the corporation and ordering that it be paid *pro rata* with the claims of other general creditors, and the court dismissed the appeal at the personal costs of the appellant.  In the opinion in that case Mr. Justice Gary said:  "The point has not been made by counsel for the appellee, but we cannot sanction even by silence the idea that a receiver may set up in opposition to the court his theory of how the assets shall be disposed of."

There is in this case no formal motion to dismiss, but we are disposed to follow the precedent established by the case last cited, and of our own motion dismiss the appeal of both appellants.

*Appeal of both appellants dismissed.*