**William Wolkoff, etc., Complainant, Appellee, v. Woodlawn Trust & Savings Bank et al., Defendants, Appellees.**
**Appeal of William Barrett, Appellant.**

**Gen. No. 36,391.**

312

in the third division of this court for the first district.
Opinion filed November 16, 1932.

RUSSELL, MURPHY & QUIGLEY, for appellant; CHARLES F. McELROY, of counsel.

ALEXANDER ROTHSTEIN, MORTIMER A. ROTHSTEIN and AARON SOBLE, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an interlocutory appeal by William Barrett, who was appointed receiver on June 28, 1932, in the case of *Stella Murphy et al. v. Woodlawn Trust and Savings Bank, a corporation,* Gen. No. 560059, pending in the superior court of Cook county, Illinois, from an order entered in the case of *William Wolkoff v. Woodlawn Trust and Savings Bank, a corporation,* Gen. No. 561665, appointing Jules Eichenbaum as receiver in that case. A motion was made by the appellee, William Wolkoff in the instant case to dismiss the appeal of William Barrett, appellant, for want of appealable interest, which motion was reserved for disposition by this court upon the final hearing.

From the record it is evident that William Barrett is not a party, either as complainant or defendant in the instant case, and that his interest is only that of receiver appointed by the court in the cause known as *Stella Murphy et al. v. Woodlawn Trust & Savings Bank,* Gen. No. 560059, pending in the same court. Appellant had no personal interest in what the court did in the appointment of a receiver in the case of *Wolkoff v. Woodlawn Trust & Savings Bank et al.,* now before this court.

This court in passing upon the interest of the receiver in the pending litigation, in the case of *Sutton v. Weber,* 100 Ill. App. 360, said:

"A receiver is but the arm of the court, bound to do its bidding. The receiver had no personal interest in what should be done with the $140 he was ordered to pay. A receiver has a personal interest in his compensation and claim for the expense he has gone to. From orders as to those things he may appeal, but from nothing else."

To the same effect the Appellate Court in the case of *Chicago Title & Trust Co. v. Caldwell*, 58 Ill. App. 219, held:

"A receiver is the mere hand of the court, to do what the court directs.

"When in passing upon his accounts the court charges or refuses to allow items, and he claims that the action of the court does him wrong personally, he may appeal. *Hinckley v. Gilman, etc. R. R.*, 94 U. S. 467; *How v. Jones*, 60 Iowa 70.

"But if he may appeal from one order in which he has no interest, as to the distribution of assets, he may from every one. . . . "

Appellant contends that the rule applies, as announced in the case of *Goldberg v. Hoffman*, 262 Ill. App. 112, that no court of co-ordinate jurisdiction has any power or authority to interfere with the property in the hands of the receiver, and that this control is in the hands of the court making the appointment. However, in that case, the court entered an order extending the receivership to protect the interests of the petitioner under a trust deed constituting a first lien, although the petitioner was not and did not become a party to the pending foreclosure proceedings, in which a receiver was appointed.

The question of an appealable interest of a receiver was not involved. The appellant has no appealable interest. He was an officer of the court. The litigation is under the control of the court, and, as we have already indicated in this opinion, the appellant as receiver has no personal interest in the question before

this court. *Foreman v. Defrees, Brace & Ritter*, 120 Ill. App. 486. The parties in interest in the instant case, if aggrieved, should have appealed from the order entered by the court. The setting aside of the order appointing appellant receiver is not involved in this proceeding, for the reason that the transcript of record contains no such order. The appeal is dismissed.

*Appeal dismissed.*

WILSON, P. J., and HALL, J., concur.