THE TREASURER OF PUERTO RICO *v.* BANCO COMERCIAL DE PUERTO RICO; SAMUEL ROSEMBLUM, INC , Petitioner and Appellee, and ANTONIO R. HERNÁNDEZ, ETC., Respondent and Appellant. THE TREASURER OF PUERTO RICO, *v.* BANCO COMERCIAL DE PUERTO RICO; C. M. VAN SILLEVOLDT, INC., Petitioner and Appellee, and ANTONIO R. HERNÁNDEZ, ETC.; Respondent and Appellant.

Nos. 6283 and 6284.   Argued March 13, 1933.—Decided March 24, 1933.

*Félix Ochoteco, Jr.*, for appellant. *H. G. Molina* for appellees. *Charles E. Winter, Attorney General*, for the Treasurer of Puerto Rico. *José R. Ramírez Santibáñez* for Banco Comercial. *Carlos J. Torres*, as *amicus curiae*.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

C. M. Van Sillevoldt, Inc., and Samuel Rosemblum, Inc., sent from New York to the Banco Comercial de Puerto Rico several commercial invoices against merchants in Puerto Rico, together with the bills of lading of the merchandise pertaining to said invoices and certificates of insurance attached thereto, as well as drafts against the purchasers for the amount of said invoices. These drafts were sent to the Banco Comercial for collection, with instructions to remit the amount thereof, once collected, to the appellees in New York in the ordinary banking form, after deducting the cor-

responding commission for such services. The Banco Comercial collected drafts of C. M. Van Sillevoldt, Inc., to the amount of $3,599.39 and of Samuel Rosemblum, Inc., to the amount of $950.12, and issued the corresponding checks in favor of said corporations against the Irving Trust Company. These checks arrived in New York on the same day or on the day following that in which the Banco Comercial had suspended payments and after the receiver in this case was appointed, for which reason the above mentioned checks were not cashed. When the Banco Comercial collected these amounts, it had cash on hand exceeding $30,000 and from the date it collected the drafts of the appellees to the date of the appointment of the receiver and his taking possession of the property, it never had in its safe less than that amount.

In the light of these facts, which were accepted as true by the receiver, the appellees alleged that the amounts of their drafts constituted a trust fund in the hands of the Banco Comercial, that as such they passed into the hands of the receiver, and that the latter is bound to pay or refund to the appellees the amounts above mentioned, with priority over the payment of any other obligation or credit of the Banco Comercial, because said sums belonged to the petitioners, C. M. Van Sillevoldt, Inc., and Samuel Rosemblum, Inc., respectively, and were not the property of the Banco Comercial.

After the case was submitted to the court, it entered orders sustaining the preference of the credits and directing the receiver to pay immediately to the appellees the sums claimed by them, with interest at 6 per cent per annum, said payments to be made by the receiver from the funds in his possession by virtue of the judicial administration.

The receiver of the Banco Comercial appealed from said orders of the court and now the appellees have appeared before us to request that the appeals be dismissed, among other reasons, because the orders are not appealable.

The right of appeal is a purely statutory right and this Court cannot acquire jurisdiction unless the appellant is authorized by law to take the appeal.

Section 294 of the Code of Civil Procedure provides that any party aggrieved may appeal in the cases prescribed in that code. May the receiver be considered as a party aggrieved in a case like this where the bank admits having collected the draft and issued checks for the proceeds thereof? It is plain that this is not a claim against the general funds of the bank. There is no question that the bank owes the amount claimed. The order of the court does not increase or diminish the assets of the banking institution; it merely orders payment to the appellees of a debt that has been acknowledged.

In *State* v. *State Bank and Trust Co.*, 137 Pac. 402, the Supreme Court of Nevada, after copying section 5327 of the Revised Laws of that State, equivalent to section 294 of our Code of Civil Procedure, says, among other things, the following:

"A receiver appointed by a court to collect the assets of an insolvent institution and to administer its affairs cannot be said to be personally interested in the segregation or distribution of the funds that may, by reason of his activities, or the performance of his duties, come into his hands, unless he occupies the dual capacity of both creditor and receiver, in which instance his right of appeal, as a creditor, from an order or decree of the lower court might be sustained upon the theory that, being personally interested in the prorating or distribution of the estate, he could invoke by appeal or review a mandate of the higher court to enforce a right of which he might have been deprived by the lower court, or to relieve him of a wrong inflicted upon him. As receiver, acting in his official capacity, and without personal interest, he is bound by the orders of the court of which he is the appointed representative when those orders affect only those parties who, by reason of their relationship as creditors, are interested in the equitable distribution of the estate, and in no wise affect him personally.

"If a receiver in a case of this kind may appeal from one order, the result of which would not affect him personally, may he not with

equal propriety appeal from every order, and thereby increase his expenses and multiply his attorneys' fees to the injury of the legitimate creditors and the unnecessary depletion of the estate? In the case of *Chicago Title & Trust Company, Receiver of the Jas. H. Walker Co.,* v. *Jos. Caldwell,* 58 Ill. App. 219, the appellate court of Illinois in passing upon this identical question said: 'We cannot sanction, even by silence, the idea that a receiver may set up in opposition to the court, his theories of how assets shall be disposed of. Next we will have clerks appealing from direction of the courts to enter orders, unwise in the opinion of the clerks.''

In the case of *Bosworth* v. *Terminal Association,* 80 Fed. 969, 26 C. C. A. 279, a receiver appealed from a decree awarding preference to a claim for supplies over the debt secured by the mortgage in course of foreclosure. The court said:

''The true line of demarcation we think to be this: He has the right of appeal with respect to any claim asserted by or against the estate, for therein he is the representative of the entire estate. He has the right of appeal from any decree which affects his personal right, for therein he has an interest. But he has not the right of appeal from a decree declaring the respective equities of parties to the suit. He should therein be indifferent, and not a partisan. His duty is to all parties in common. He should not become the advocate of one against another. . . What duty is imposed upon him to assert the supposed right of one creditor over another in respect to a common fund? . . . To sanction such action is to encourage vexatious litigation at the expense of the estate, which should be cast upon the interested parties.''

In *Knabe* v. *Johnson,* 69 Atl. 420, the Court of Appeals of Maryland, referring to the case of *Bosworth* v. *Terminal Association, supra,* said:

''In that case, as in the case before us now, the receiver prayed leave to appeal which was allowed by the court, and it was contended there, as here, that he may, only pursuing the authority, and obeying the mandate of the court, and therefore the appeal should be heard and determined. But the Circuit Court of Appeals in that case, held, as we think correctly, that 'the doctrine cannot be sanctioned that the allowance of an appeal can operate to clothe the receiver with an interest which he has not, or can impose upon an

appellate court the duty of hearing and determining a moot question.' ''

In *State* v. *Miller,* 135 N. W. 196, the Supreme Court of North Dakota expressed itself in the following terms:

"The receiver does not claim to be a creditor himself. The order involves no allowance or disallowance of compensation or expenses of the receiver as such, and relates solely to the relative rights of the creditors of the insolvent estate. The receiver is an officer of the court and an indifferent person as between the creditors. *Hoffman* v. *Bank of Minot,* 4 N. D. 473, 61 N. W. 1031. He has no right to take sides in favor of one creditor as against another. He holds the order of the court as his protection, and if the rights of any creditor were adversely affected by such order, or were likely to be so affected, that creditor could take the proper and necessary steps to enable him to prosecute an appeal therefrom. The effect of the order is neither to enhance nor diminish the assets of the insolvent bank as a whole, but only goes to the relative rights of claimants in the distribution of the assets, and in this subject the receiver has no interest, and hence cannot maintain an appeal from the order of the district court."

See also the case of *First National Bank* v. *C. Bunting & Co.,* 59 Pac. 929.

Bancroft, in volume 5, page 5525, paragraph 4209, of his work "Code Practice and Remedies," says:

"As a general rule a receiver may not appeal from an order or decree of the court distributing the assets in his hands or merely determining the relative rights of the creditors. But inasmuch as he represents all the parties in interest, not only the creditors but also the debtor or, in case of a corporation, the stockholders, he should be diligent in protecting the estate against questionable claims. While he can take no part as between creditors claiming adverse interests in the estate, who must appeal on their own behalf when they feel aggrieved, he should be allowed to conduct an appeal in any case when it is in the interest of the estate and for the benefit of all persons represented by him. Ordinarily, however, he should first secure permission of the appointing court, and if he appeals in a case in which he has no personal interest, without such permission, the appeal may be dismissed at his personal cost."

The above cited authorities clearly show that a receiver is not entitled to appeal in those cases in which the property under his custody has not been affected. As the receiver is not a party aggrieved by the orders appealed from, either in his personal capacity or as a representative of the property under receivership, we are of the opinion that the appeals taken by the said receiver should be dismissed.